NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1259
_____

UNITED STATES OF AMERICA

v.

JOSEPH PLOWDEN,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 1-10-cr-0331-001)
District Judge: Honorable Renee M. Bumb
_____

Submitted Under Third Circuit LAR 34.1(a)
September 18, 2012

Before: AMBRO, GREENAWAY, Jr., and TASHIMA,[*] Circuit Judges

(Opinion filed: September 25, 2012 )

_____

OPINION
_____

AMBRO, Circuit Judge

---

[*] Honorable A. Wallace Tashima, Senior Circuit Judge for the Ninth Circuit Court of
Appeals, sitting by designation.

Joseph Plowden pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 110 months' imprisonment. He now appeals his sentence. We affirm.

I.

Because we write solely for the parties, we note only briefly the facts. In November of 2009, Plowden was riding a bicycle in Camden, New Jersey, when he was approached by two police officers who recognized him as the subject of at least one criminal bench warrant. Plowden fled but was apprehended and then searched. In Plowden's pockets the officers discovered a loaded .38 caliber revolver, one clear sandwich-sized plastic bag containing a green vegetable substance, and one clear sandwich-sized plastic bag containing 49 small heat-sealed blue plastic bags and nine small heat-sealed clear plastic bags. All of the heat-sealed plastic bags contained a rock-like substance appearing to be crack cocaine. Forensic testing revealed that the nine clear plastic bags contained crack cocaine totaling .27 grams and the 49 blue plastic bags contained a non-cocaine substance.

Plowden pled guilty pursuant to a plea agreement to one count of possession of a firearm by a convicted felon. In the plea agreement, the parties agreed that Plowden's base offense level under Sentencing Guidelines § 2K2.1(a)(2) was 24 and that he was entitled to a three-level reduction under § 3E1.1(a) and (b) for prompt acceptance of responsibility, resulting in a total offense level of 21. The parties agreed that neither would seek an upward or downward adjustment or variance and that a sentence within the Guidelines range resulting from an offense level of 21 would be reasonable.

2

In its presentence report, the Probation Office began with the same base offense level of 24 and three-level reduction under § 3E1.1(a) and (b). In addition, the Probation Office recommended a four-level enhancement pursuant to Guidelines § 2K2.1(b)(6)—possession of a firearm in connection with another felony—in this case, drug trafficking. Abiding by the plea agreement, both parties objected to this enhancement.

The District Court directed the Government to produce an expert to help the Court determine if Plowden possessed the cocaine for distribution or personal use. Drug Enforcement Administration Agent McNamara testified about his experience enforcing drug trafficking laws in Camden, New Jersey. Agent McNamara reviewed the arrest report, lab report, and evidence from the case. He stated that the packaging of the cocaine and non-cocaine substances into different colored bags was consistent with distribution. Because the substances within the bags appeared to be identical, a seller could use the different colors to facilitate giving some buyers real cocaine and others the fake packages. He also testified that the use of a bike was consistent with distribution, because a seller, particularly one defrauding his buyers, likes to be mobile in order to avoid returning buyers. Carrying a weapon was also consistent with selling both real and fake drugs, particularly if a defrauded buyer returned.

The District Court found that Plowden was engaged in drug trafficking at the time of his arrest, and thus the four-level enhancement was appropriate. The Court based this decision on its review of the arrest report, the police lab report, and the evidence presented at the hearing. Plowden's Guidelines range—with an offense level of 25 and a criminal history category of VI (which was uncontested)—was 110 to 137 months. This

3

range was changed to 110 to 120 months because of the statutory maximum penalty of ten years for a violation of § 922(g). Both the Government and defense counsel argued that the Court should impose a sentence within the 77 to 96 months' range agreed in the plea agreement. Instead, the Court sentenced Plowden to 110 months' imprisonment.

## II.

Plowden raises two issues on appeal. He argues first that the enhancement under § 2K2.1(b)(6) was in error, as the District Court lacked sufficient evidence to find that he possessed the firearm in connection with drug trafficking. Plowden also argues that his sentence was unreasonable.

## III.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

We review the factual findings supporting a district court's application of the Sentencing Guidelines for clear error, and exercise plenary review over the court's interpretation of the Guidelines. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (*en banc*). "'A finding is clearly erroneous when, although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (alterations omitted) (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993)).

We review sentences for both procedural and substantive reasonableness, applying an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United*

4

*States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (*en banc*). The party challenging the sentence bears the burden of demonstrating unreasonsableness. *Tomko*, 562 F.3d at 567.

IV.

Plowden argues that the District Court erred in applying the four-level enhancement. Section 2K2.1(b)(6) applies if "the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). A district court must find by a preponderance of the evidence that the defendant was engaged in a felony. *United States v. West*, 643 F.3d 102, 110 (3d Cir. 2011). If that felony is drug trafficking, the enhancement applies when the defendant possesses a gun "in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia . . . because the presence of the firearm has the potential of facilitating another felony offense." U.S.S.G. § 2K2.1, cmt. 14(B)(ii).

Plowden was not seen selling drugs and did not have cash from drug sales when he was arrested. But, at the time he was arrested, Plowden was on his bike, with a gun, and in possession of both real and fake cocaine packaged in differently colored plastic bags. Combined with the expert testimony provided to the Court on drug distribution practices in Camden, there was sufficient evidence for it to conclude by a preponderance of the evidence that Plowden was engaged in drug trafficking. As such, the District Court's finding is not clearly erroneous.

Plowden next contends that the sentence of 110 months' imprisonment is unreasonable, as the District Court did not consider the parties' plea agreement or the small quantity of drugs he possessed. District courts must follow a three-step process in

5

imposing a sentence: (1) calculate the applicable Guidelines range; (2) formally rule on departure motions; and (3) exercise their discretion by considering relevant factors from 18 U.S.C. § 3553(a). *United States v. Gunter,* 462 F.3d 237, 247 (3d Cir. 2006). If a sentence is "procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the [D]istrict [C]ourt provided." *Tomko*, 562 F.3d at 568.

The District Court calculated the Guidelines range as described above. After hearing both parties' arguments for a sentence within the lower range agreed in the plea agreement, the Court considered the § 3553(a) factors and whether a sentence was appropriate within the Guidelines range it determined. The Court explicitly considered defense counsel's arguments about the "quantities of narcotics" in the case. App. 103.

We do not find an abuse of discretion here. The Court was not bound by the parties' plea agreement, which stated that the sentence to be imposed "is within the sole discretion of the sentencing judge." *Id.* at 27; *United States v. Maurer*, 639 F.3d 72, 81 (3d Cir. 2011) (sentencing court not bound by parties' stipulations in plea agreement and has discretion to make factual findings based on other relevant information).

\* \* \* \* \*

We thus affirm Plowden's sentence.